**FILED**

**FEBRUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| MARQUISHA CURTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. |
| | ) | |
| GENERAL REVENUE CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

**08 C 1094**

**JUDGE LEINENWEBER**
**MAGISTRATE JUDGE COX**

## COMPLAINT

NOW COMES the Plaintiff, MARQUISHA CURTIS, by and through her attorneys, LARRY P. SMITH & ASSOCIATES, LTD., complaining against the Defendant, GENERAL REVENUE CORPORATION, and alleging as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. § 1692 et seq.

### JURISDICTION AND VENUE

2.      Jurisdiction arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

### PARTIES

3.      Plaintiff, MarQuisha Curtis ("Plaintiff"), is an individual who was at all relevant times residing in the City of Belvidere, State of Illinois.

4.      At all relevant times herein, Defendant, General Revenue Corporation ("Defendant") acted as a debt collector within the meaning of 15 U.S.C. § 1692a(6) in that it held itself out to be a company collecting a debt allegedly owed to Judson University.

5.    Defendant is a corporation that has its principal place of business and its offices located in the State of Ohio.

<u>ALLEGATIONS</u>
<u>COUNT I</u>
<u>VIOLATIONS OF THE FDCPA v. GENERAL REVENUE CORPORATION</u>

6.    Prior to January 2008, Plaintiff had been engaged in a payment plan wherein she regularly was paying $125.00 per month toward an outstanding debt owed to Judson University for a student loan..

7.    On January 8, 2008, Plaintiff received a message from Defendant demanding she return the phone call immediately.

8.    When Plaintiff contacted Defendant and in the initial conversation Defendant made attempts to obtain complete payment of the debt at that time.  However, eventually said collector represented to Plaintiff that it needed her checking account number in order to "hold the account" or it would have to turn the account over to its attorney and garnish Plaintiff's wages.

9.    Plaintiff agreed to give the checking account number under the threat of litigation, but did not agree to allow Defendant to withdraw money, and only believed to be providing this information as a good faith gesture of attempting to work out paying off the debt.

10.    Defendant represented to Plaintiff that a payment of at least 25% of the balance of the debt by the end of January in order to prevent the account from being turned over to an attorney for litigation.

11.    On January 31, 2008, Plaintiff contacted Defendant to set up a payment plan as she could not afford to pay 25% of the alleged $8000.00 debt, however, Defendant told Plaintiff she was too late and she was supposed to have called twenty four hours prior to January 31st and

now it would be withdrawing the funds from Plaintiff's checking account as it had her account number.

12.    On February 1, 2008, Plaintiff accessed her bank account and discovered Defendant attempted to withdraw $2158.00 from her account despite not receiving permission from Plaintiff to take such action.

13.    Shortly thereafter, Plaintiff received a collection letter from Defendant dated January 22, 2008, in which Defendant stated "in accordance with your authorization granted on January 9, 2008, we will generate an ACH debit against your bank account in the amount of $2158.00."

14.    In its attempts to collect the aforementioned debt, the Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 in one or more of the following ways:

    a.    Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10); and

    b.    Used unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692f.

15.    As a result of Defendant's violations as aforesaid, Plaintiff suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MARQUISHA CURTIS, by and through her attorneys, respectfully prays for judgment as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Plaintiff;

    c.    Plaintiff's attorneys' fees and costs;

d.     Any other relief deemed appropriate by this Honorable Court.

***PLAINTIFF REQUESTS A TRIAL BY JURY ***

Respectfully Submitted,
**MARQUISHA CURTIS**


By: ___s/Larry P. Smith_____
Attorney for Plaintiff

LARRY P. SMITH & ASSOCIATES, LTD.
Attorneys for Plaintiff
205 North Michigan Avenue
40TH Floor
Chicago, Illinois 60601
Ph (312) 222-9028
Fax (312) 602-3911